J-S26015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT LEONARD TAYLOR :
:
Appellant : No. 142 MDA 2024

Appeal from the PCRA Order Entered December 26, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001134-2020

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: OCTOBER 22, 2024**

Robert Leonard Taylor appeals from the order entered in the Berks County Court of Common Pleas on December 26, 2023, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Taylor was charged with various criminal offenses arising out of an incident alleged to have occurred on February 23, 2020. On March 2, 2021, following a jury trial, Taylor was convicted of aggravated assault, simple assault, terroristic threats, recklessly endangering another person, resisting arrest or other law enforcement, receiving stolen property, firearms not to be carried without a license and possession of a controlled substance.

On March 10, 2021, the trial court sentenced Taylor to an aggregate term of 5 to 17 years' incarceration. Taylor did not file any post-sentence motions or a direct appeal.

On November 24, 2021, Taylor filed a timely, *pro se* PCRA petition. Counsel was appointed but did not file an amended petition. Instead, counsel filed a **Turner/Finley**[1] no-merit letter and request to withdraw as counsel. On September 22, 2022, the PCRA court filed an order withdrawing counsel's appearance. On the same day, the court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Taylor filed a response, raising for the first time a claim that his trial counsel had been ineffective for not filing a direct appeal on his behalf. The PCRA court subsequently dismissed the PCRA petition.

On appeal, Taylor raised a claim that PCRA counsel was ineffective for failing to raise his claim that trial counsel was ineffective for failing to file a direct appeal. Pursuant to **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding a PCRA petitioner may raise claims of PCRA counsel's ineffectiveness on appeal if that is the first opportunity to do so), we found

---

[1] Counsel petitioning to withdraw from PCRA representation are required to proceed under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Counsel must review the record, submit a "no-merit" letter evaluating the issues the petitioner wishes to address and explaining their lack of merit, request permission to withdraw, and send the "no-merit" letter and petition to withdraw to their client along with an explanation of their right to hire new counsel or proceed *pro se*.

Taylor was permitted review of his allegation of PCRA counsel's ineffectiveness. Accordingly, this Court vacated the PCRA court's order dismissing Taylor's petition and remanded for the appointment of counsel and a hearing to address Taylor's claim of ineffective assistance of PCRA counsel. *See Commonwealth v. Taylor*, 1654 MDA 2022 (Pa. Super. filed August 14, 2023) (unpublished memorandum). A hearing was held on September 14, 2023, during which the court heard from trial counsel, PCRA counsel, and Taylor. The court took the matter under advisement.

On December 26, 2023, the PCRA court entered an order denying Taylor's petition, along with its findings of fact and conclusions of law. This timely appeal followed.

On appeal, Taylor contends the PCRA court erred in denying his PCRA petition where trial counsel was ineffective for failing to protect Taylor's appeal rights.

Our scope and standard of review is well-settled.

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes–Rodriguez,* 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

We presume counsel is effective, and an appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Kimball*, 724 A.2d 326, 330-332 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See id*., at 1163. "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1044 (Pa. Super. 2019) (citation omitted). Further,

> [w]here the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney.
>
> Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations omitted and formatting altered). In any event, it is well settled that "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citation omitted).

Preliminarily, we note this Court previously permitted only a limited remand, for consideration of the sole issue of PCRA counsel's ineffectiveness for not raising the issue of trial counsel's ineffectiveness regarding the filing of a direct appeal. On appeal, Taylor focuses almost exclusively on the underlying claim that trial counsel was ineffective. He offers no analysis of PCRA counsel's ineffectiveness. In any event, we find the underlying claim that Taylor focuses on offers him no relief.

Based on the testimony provided at the PCRA hearing, the PCRA court made the following findings of fact:

> 1. On the date of the hearing on the Motion, September 14, 2023, Catherine Nadirov, Esquire, had worked as a criminal defense attorney for 9 years. Prior to working in criminal defense, Attorney Nadirov worked in the Berks County District Attorney's Office.
>
> 2. Attorney Nadirov represented Taylor at his trial and sentencing hearing. She explained Taylor's post-sentence and appellate rights to him.
>
> 3. Taylor was always asking for an appeal during his trial and immediately thereafter. However, after he was sentenced, Taylor specifically told Attorney Nadirov on two occasions that he did not want to file a direct appeal.

4. Attorney Nadirov did not believe there was any basis for an appeal. She believed that Taylor's sentence was fair and reasonable.

5. Attorney Nadirov continued to represent Taylor during the 30-day appeal period. Taylor never asked for her to file an appeal.

6. Taylor was sentenced on March 10, 2021. On March 25, 2021, during the 30-day appeal period, Attorney Nadirov emailed the Berks County District Attorney's Office regarding the return of some of Taylor's property. She specifically stated in the email that Taylor was not pursuing an appeal.

7. Taylor filed his PCRA Motion on November 24, 2021. Taylor's Motion did not contain a claim that Attorney Nadirov failed to file a requested direct appeal.

8. David Long, Esquire, was appointed as Taylor's PCRA counsel. PCRA work is the majority of Attorney Long's practice. He handles approximately 20-25 PCRA matters per year.

9. After his appointment, Attorney Long sent Taylor a letter explaining the PCRA process and encouraging Taylor to call or write him regarding any issues he should know about.

10. Attorney Long also obtained Taylor's file from Attorney Nadirov and reviewed Taylor's PCRA Motion.

11. Attorney Long and Taylor exchanged correspondence about the PCRA Motion. Taylor wrote three or four letters to Attorney Long.

12. Taylor never told Attorney Long that he wished to raise a claim of Attorney Nadirov's ineffectiveness due to her failure to file a requested direct appeal. If Taylor would have raised this claim, Attorney Long would not have filed a no-merit letter but, instead, would have included the claim in an amended PCRA petition. Attorney Long has raised this claim three to four times this year in other PCRA matters.

Findings of Fact and Conclusions of Law in Disposition of the Defendant's Motion for Post-Conviction Collateral Relief, 12/26/23, at 2-3. These findings are fully supported by the record.

Based on the above findings of fact, the PCRA court found that Taylor did not request that Attorney Nadirov file a direct appeal on his behalf, and that Taylor did not raise this issue with Attorney Long. *See id*. at 6. Therefore, the PCRA court concluded Taylor failed to prove that Attorney Long was ineffective for failing to raise a claim of Attorney Nadirov's ineffectiveness. *See id*. The PCRA court clearly credited both trial counsel and PCRA counsel's testimony and did not find Taylor's testimony credible. *See id*. at 5, FN 1 (citing to ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) for the proposition that "[t]he PCRA court's credibility determinations, when supported by the record, are binding on [an appellate court].").

We find no reason to disturb these factual and credibility determinations. As Taylor never asked Attorney Nadirov to file a direct appeal after sentencing, Taylor's underlying claim cannot be said to have merit. Attorney Long could therefore not be ineffective for failing to raise a meritless claim. Accordingly, this issue merits no relief. Accordingly, we affirm the PCRA court's denial of Taylor's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2024